# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 25, 2020

Lyle W. Cayce
Clerk

No. 20-60348

Margaret Campbell,

*Plaintiff—Appellant*,

*versus*

Novartis Pharmaceutical Company; Cherin M. Hall;
Kirt Talamo; Jacqueline S. Marinac; Kristin M.
Williamson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:18-CV-116-KS-MTP

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Margaret Campbell sued her former employer, Novartis Pharmaceutical Company, and several Novartis employees (collectively, "Defendants"), alleging state law claims arising out of the circumstances

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60348

that led to her resignation. The district court granted summary judgment dismissing all claims, some of which Campbell appeals. We AFFIRM.

## I.

Campbell worked for Novartis from 2013 to 2017 as a medical science liaison ("MSL"), providing technical advice to medical professionals. She claims that in early 2017, shortly after Novartis realigned its MSL territories and assigned Campbell to a new team, co-workers began falsely accusing her of bullying, intimidation, and failure to collaborate well with team members. Supervisors put her on a "coaching plan" in June based on these complaints, which she claims adversely affected her prospects for advancement within the company. She resigned in August 2017, citing an "unresolved hostile work environment." She maintains that false and unsubstantiated allegations of misconduct ruined her reputation and forced her out of the company.

Campbell sued Novartis and individual Defendants in Mississippi state court, alleging numerous violations of state law. Novartis removed the case to federal district court. Defendants later moved for summary judgment, which the district court granted. Campbell timely appealed as to four of her claims.

## II.

We review a summary judgment *de novo*. *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 682 (5th Cir. 2020). Summary judgment is proper if the movant shows he is entitled to judgment as a matter of law because there is no genuine dispute of material fact. FED. R. CIV. P. 56(a). Such a dispute "exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Salinas*, 952 F.3d at 682 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We may "affirm summary judgment on any grounds supported by the record and presented to the district court." *Id.* (citation omitted).

No. 20-60348

### III.

Campbell appeals four claims: intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with employment, and breach of contract. We address each in turn.

### A.

Campbell claims a triable fact dispute exists on her claim of intentional infliction of emotional distress. We disagree. This tort requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bowden v. Young*, 120 So. 3d 971, 980 (Miss. 2013) (citation omitted). Relief depends on "the nature of the act itself—as opposed to the seriousness of the consequences." *Id.* (citation omitted). "A claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001) (citation omitted).

Campbell has not shown any evidence of conduct flagrant enough to meet this high standard. On appeal, she points only to evidence that Novartis team members (without identifying any individual Defendants) unfairly reported her to the company's H.R. department and used these allegations to ruin her reputation within the company.[1] Even viewing this evidence in the light most favorable to Campbell—and even assuming any alleged conduct can be attributed to any Defendant—it does not reveal conduct sufficiently "outrageous" and "extreme" to support an intentional infliction claim. Summary judgment was therefore proper.

---

[1] Campbell also pressed a defamation claim in the district court, but the court granted summary judgment for lack of any specific evidence of defamatory statements. Campbell does not appeal dismissal of that claim.

**B.**

We likewise find no triable dispute on Campbell's claim of negligent infliction of emotional distress. The district court correctly held that this claim is barred against Novartis by the exclusive-remedy provision of the Mississippi Worker's Compensation Act ("MWCA"). "[F]or a tort claim against an employer to fall outside the MWCA . . . the actions of the employer [must go] beyond negligence, gross negligence, or recklessness." *Bowden*, 120 So. 3d at 976. The MWCA's remedy is exclusive unless "the employer acted with an actual intent to injure the employee, with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee." *Id.*; *see also Petty v. Baptist Mem'l Health Care Corp.*, 190 So. 3d 17, 25 (Miss. Ct. App. 2015) (applying *Bowden* to bar claim of negligent infliction of emotional distress); *Crawford v. Bannum Place of Tupelo*, 556 F. App'x 279, 287–88 (5th Cir. 2014).

As for the individual Defendants, Campbell has not identified evidence of negligent acts by any of them.[2] Defendants argued in the district court and on appeal that Campbell had produced no such evidence, and Campbell has not pointed to any on appeal. Even viewing all evidence of alleged false statements and human resource failures at Novartis in the light most favorable to Campbell, this evidence does not connect her alleged injuries to any of the individual Defendants' conduct, negligent or otherwise. Summary judgment was therefore proper as to those Defendants as well.

---

[2] The district court granted summary judgment because Campbell had failed to show physical manifestations of injury in connection with her emotional harm, but we may affirm summary judgment "on any grounds supported by the record and presented to the district court." *Salinas*, 952 F.3d at 682 (citation omitted).

## C.

We also conclude summary judgment was properly granted on Campbell's claim of intentional interference with employment. To make out that claim, Campbell must show: "(1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted." *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 976 (Miss. 2001) (citation omitted). In the first place, Campbell cannot maintain this tort claim against Novartis, as a party to her employment contract, but only the individual Defendants who are "strangers" to that contract. *Cenac v. Murry*, 609 So.2d 1257, 1269 (Miss. 1992).

Against the individual Defendants, Campbell has failed to show enough evidence of intentional tortious acts to create a genuine fact dispute.[3] On appeal, Campbell points only to a witness's deposition testimony that unspecified people "made . . . decisions to punish [Campbell] and wreck [her] career opportunities at Novartis." That witness also described Campbell's situation as "a colossal failure of human resources" but did not name any of the Defendants in connection with her allegations.[4] This evidence fails to create a fact dispute on whether any individual Defendants committed "intentional and willful" acts "calculated to cause damage" to Campbell's employment. Summary judgment was therefore proper.

---

[3] The district court ordered summary judgment because it found no dispute whether Campbell had suffered actual damages, or whether she had alleged any specific tortious acts. We find this second ground was sufficient and need not consider the first.

[4] The witness did criticize the management decisions of Kathleen Murphy, who was originally named as a defendant but dismissed before summary judgment.

No. 20-60348

## D.

Finally, we conclude summary judgment was proper on Campbell's breach of contract claim. Campbell alleges Novartis breached contractual obligations by failing to follow policies set forth in an employee handbook.[5] Specifically, she claims Novartis allowed other employees to "harass and defame her" and flouted its policies concerning investigation, conflict resolution, and information privacy, all of which deprived Campbell of a "safe working environment." Even assuming Novartis acted contrary to these policies, however, Campbell has failed to point to evidence that Novartis agreed to be bound by them. To the contrary, these documents themselves state that they apply only to "to all [Novartis] associates." Furthermore, implying that Novartis was contractually obligated to abide by these policies would also contradict its express disclaimer that "[n]o . . . statements, materials, or policies provided by Novartis are intended to, or shall, alter the at-will nature of any employee's employment with the Company." *See, e.g., S. Farm Bureau Life Ins. Co. v. Thomas*, 299 So. 3d 752, 756–57 (Miss. 2020) (employee handbook did not create enforceable employment contract). Accordingly, we affirm summary judgment of Campbell's breach of contract claim.[6]

AFFIRMED.

---

[5] Rather than a single handbook, Campbell has produced excerpts of several different Novartis policy statements.

[6] Campbell also claims that Novartis breached the implied duty of good faith and fair dealing, but Mississippi law does not recognize such a duty in at-will employment contracts. *See, e.g., Hartle v. Packard Elec.*, 626 So. 2d 106, 110 (Miss. 1993).